DECISION AND ORDER
WENONA SINGEL, Chief Appellate Justice.
Background
Northern Shores Loan Fund, Inc. (the Loan Fund) appeals of an Order of the Tribal Court declining to enter a default judgment and dismissing the Loan Fund’s complaint and request for a money judgment. The Loan Fund had filed a complaint against the Defendant Appellee Harbor Wear of Boyne, Inc. (Harbor Wear) requesting a money judgment for a loan made to Harbor Wear which it alleged was in default. After holding a trial and receiving testimony and documentary evidence from the Executive Director for the Loan Fund, Judge Jenny Kronk on behalf of the Tribal Court issued an Order stating that the requirements for a default judgment had not been satisfied and dismissing the case. We hold that the Tribal Court did not make the necessary and essential factual findings to support its dismissal or to support its conclusion that the default judgment rule’s requirements were not met. Accordingly, we reverse and remand.
*284 Issue Presented on Appeal
The issues presented on appeal include the following:
1. Was the Tribal Court’s dismissal of the Loan Fund’s complaint appropriate?
2. Was the Loan Fund entitled to a default judgment under Rule XXIV of the LTBB Rules of Civil Procedure?
Summary of the Facts
The essential facts of this case cannot be ascertained by the Appellate Court because the Tribal Court failed to make factual findings after the trial it held on January 30, 2012. Rule XXII of the LTBB Rules of Civil Procedure plainly require that the Tribal Court “issue a written opinion, including findings of fact, conclusions of law, order and judgment” at the conclusion of a trial.
The Tribal Court’s Order dated February 7, 2012 does not include any such findings of fact. Instead, it simply lists the exhibits that were submitted at trial, and it provides a bullet point recitation of points made by the Loan Fund’s Executive Director during her testimony. This summary is not sufficient as “findings of fact.” Without factual findings made by the Tribal Court, it is nearly impossible for the Appellate Court to determine whether the ultimate facts support the Tribal Court’s disposition of the case. The Appellate Court must rely on the Tribal Court’s deliberate determination of whether the relevant facts are supported by authentic and reliable evidence and credible witness testimony. The Appellate Court cannot make this determination on its own because it is constrained by procedural limitations that are structured to allow fact finding solely at the trial level. See, e.g., Rule 7.501(A) of the LTBB Appellate Procedures (defining the standard of review for factual findings on appeal) and Rules XIV, XVIII and XIX of the LTBB Rules of Civil Procedure (providing the rules for discovery, trial procedures and evidence for proceedings before the Tribal Court).
Furthermore, it is not sufficient for the Tribal Court to simply recite the major points made by witnesses in their testimony at trial or to simply recite the names of documents submitted as exhibits. The role of the Tribal Court judge sitting without a jury is to hear the evidence, determine the credibility of witnesses, and assign weight to the various pieces of evidence before it. In this case, the Tribal Court judge did not exercise this critical function. In its statement of the Tribal Court’s conclusions of law, the Tribal Court did state that the testimony of the Loan Fund’s Executive Director was “unreliable.” It is unclear whether this broad generalization is meant to discredit all or merely a portion of the Executive Director’s testimony.
Ordinarily, in a case involving a complaint filed by a creditor against a debtor requesting a money judgment on an allegedly defaulted loan, the Tribal Court’s order disposing of the case should include the following kinds of factual findings:
• The identities of the parties;
• Specific facts that relate to whether the Tribal Court has personal jurisdiction over the parties;
• Specific facts establishing whether there was a transaction that established a debtor-creditor relationship
• Specific facts establishing whether there was an express or implied agreement regarding the amount due
• Specific facts establishing whether the debtor made an express or implied promise to repay the amount due
*285 • Specific facts establishing the actual amount due
• Any other material facts that are relevant to the law and procedural rules that the Tribal Court applies
Beyond specifying the identities of the parties, the Tribal Court’s Order neglected to include factual findings for any of the essential facts described above. Given this omission, the Appellate Court is not able to reliably determine whether the Tribal Court correctly applied the law to the facts in this case.
Discussion
Our Appellate Procedures provide that factual findings are sustained unless clearly erroneous, and conclusions of law are reviewed de novo. LTBB Appellate Procedures Rule 7.501(A) and (E). As explained above, the Tribal Court Order did not include a set of factual findings, so the Appellate Court is unable to determine whether the Tribal Court correctly applied to the law to the essential facts. The Appellate Court is therefore unable to determine whether the Tribal Court’s dismissal of the Appellant’s complaint was appropriate, and it is unable to determine whether the Loan Fund was entitled to a default judgment under Rule XXIV of the LTBB Rules of Civil Procedure.
In the absence of factual findings for review, the Appellate Court can describe the rules or laws applied by the Tribal Court and identify the facts that must be ascertained by the Tribal Court for these sources of law to be applied. Rule XXIV of the LTBB Rules of Civil Procedure, which the Tribal Court applied, provides the following:
Section 2. Judgment by Default.
Judgment by default may be entered by the clerk if a party’s claim against the opposing party is for a sum of money which is or can by computation be made certain and if the opposing party has been personally served within the exteri- or boundaries of the Little Traverse Bay Bands of Odawa Indians Reservation. Otherwise, judgment by default can be entered only by the Court upon receipt of whatever evidence the Court deems necessary to establish the claim. No judgment by default shall be entered against the Little Traverse Bay Bands of Odawa Indians.
Under the rule, there are two scenarios that can lead to a judgment by default. In the first scenario, a judgment by default may be entered by the clerk if two conditions are satisfied. First, “a party’s claim against the opposing party [must be] for a sum of money which is or can by computation be made certain”; and second, “the opposing party [must have] been personally served within the exterior boundaries of the ... Reservation.” Each of these conditions must be supported by factual findings of the Tribal Court.
In this case, the Tribal Court determined in its conclusions of law that the Loan Fund failed to adequately prove that it was owed a “sum certain.” As explained in the part above, the Appellate Court cannot review the Tribal Court’s application of the law to the facts when the Tribal Court has failed to set out its factual findings. It is not sufficient for the Tribal Court to make a conclusory determination that the Loan Fund failed to prove a “sum certain” owed without reference to any relevant factual findings.
The Tribal Court also concluded that a default judgment was unwarranted under the first scenario described in Section 2 because the Defendant Appellee Harbor Wear was not “personally served within the exterior boundaries of the ... Reservation.” Again, the Appellate Court can *286 not review the Tribal Court’s determination on this point because no relevant factual findings were included in the Tribal Court’s Order. At a minimum, the Tribal Court should have specified the location where service of process was made on Harbor Wear, and it should have specified whether that specific location is within the exterior boundaries of the Reservation as those boundaries are described in the LTBB Constitution.
In addition to concluding that the first part of the default judgment rule was inapplicable, the Tribal Court also ruled out the second scenario described in Section 2. Under that scenario, “judgment by-default can be entered only by the Court upon receipt of whatever evidence the Court deems necessary to establish the claim.” The Tribal Court refused to apply this prong because it found that the evidence was “conflicting or insufficient.” Once again, the Appellate Court cannot review this determination because the Tribal Court failed to include a set of factual findings for review.
The Tribal Court’s conelusory characterization of the evidence submitted by the Loan Fund as “conflicting or insufficient” and as “unreliable” are perplexing for more than the obvious reason that the Tribal Court failed to include relevant factual findings. These characterizations are also perplexing because the Loan Fund’s Executive Director, who served as its representative on appeal, emphatically stated that the Loan Fund possessed all of the documents declared missing by the Tribal Court. The Executive Director even stated at oral argument that these documents were brought to the trial, but they were never introduced because the Tribal Court did not ask for them, and the Loan Fund did not realize that the Tribal Court would find their absence among the exhibits to be fatal.
We are also convinced that the Tribal Court’s failure to make relevant findings of fact and the Appellate Court’s resulting inability to review the Tribal Court’s final disposition of the case is far more serious than harmless or excusable error. Based on the statements made by the Loan Fund’s Executive Director at trial, this case involved an original loan of $15,165, and that amount has grown significantly due to interest, fees, and costs. Although the Tribal Court made no specific findings regarding the loan amount or the amount due, it did state that Harbor Wear was “probably in default on its loan.” If the Loan Fund’s testimony is correct, the Tribal Court’s dismissal of the Loan Fund’s complaint effectively awards a significant windfall to Harbor Wear and forces the Loan Fund to incur a substantial loss that will certainly impact its operations and willingness to lend in the future. This result is even more striking because the Tribal Court was merely unconvinced as to the specific dollar amount owed, rather than the ultimate fact that a default had occurred. Again, we note that the Loan Fund has argued on appeal that it has always possessed the documents that the Tribal Court claimed were fatally missing, and it is prepared to submit them to a proper fact finder.
Finally, the Tribal Court’s Order also stated that the Loan Agreement between the Loan Fund and Harbor Wear may have been void db initio because Harbor Wear’s location was in Boyne City, which the Tribal Court determined to be outside the Tribe’s Reservation boundaries. The Tribal Court noted that both the Loan Agreement and the Loan Fund’s Articles of Incorporation restrict lending to businesses that operate within the Tribe’s Reservation or that are operated by enrolled Tribal citizens who reside within the Reservation. If Harbor Wear’s place of busi *287 ness was indeed outside the Tribe’s Reservation boundaries, however, it is not clear whether this would render the Loan Agreement void ab initio and legally unenforceable. Such a result would provide a significant windfall to Harbor Wear and all other potential borrowers, and it would severely hamper the Loan Fund’s ability to recover loans made in good faith. Since this issue was never discussed at trial or in the pleadings, and specific factual findings were never made in connection with this issue, the Appellate Court concludes that a remand for relevant factual findings and receipt and review of arguments by parties is necessary.
CONCLUSION
In accordance with the analysis above, the Appellate Court hereby REMANDS this case to the Tribal Court for proceedings consistent with this opinion. The Tribal Court must make factual findings for all of the relevant facts and issues necessary for disposition of the Loan Fund’s claim. On remand, the Tribal Court may use its discretion to determine whether a new trial is warranted or whether a review of the record will suffice. The Tribal Court is also instructed to apply the relevant law and procedural rules to its factual findings and dispose of the case accordingly.
SO ORDERED.